May it please the court counsel. My name is Barbara Dope and I represent the respondent Bobby F regarding the appeal of the continued involuntary commitment order from Randolph County. Briefly before I go into all the arguments I'll just say there's really about four main points here, procedural errors. First was the issue whether this order violated the mental health code and my client's constitutional due process rights. By the trial court setting the matter of 109 days after a continuance and also by the state providing expired information required treatment claim. Also we argue that the state failed to provide clear and convincing evidence that Mr. F was unable to provide for his basic physical needs as to guard himself from serious harm. And then the final two arguments is whether he was provided effective assistance of counsel. And then the issue that always comes up in mental health appeals is the mootness issue. The first issue I'd like to address is whether setting the matter 109 days after a continuance violates my client's due process rights and the mental health code statutory scheme. The standard review here of course is de novo because it's an issue of statutory compliance and of law. The timeline here was in March 17, 2011 the petition was filed. This is the second continuing commitment petition so it's for the second 90 days. The first setting was March 23, 2011. At that time my client requested a jury trial. They set the jury trial for April the 4th. My client through counsel before that hearing requested a continuance because his social worker was not present which is usually the state's main witness. So then the trial court set the hearing on July the 11th, 2011. And that was 109 days after his request for continuance and 124 days after filing of the petition. And this was for a 90 day order for commitment. So basically we're arguing the mental health code as you all know statutory scheme emphasizes timeliness and promptness of a hearing. Basically when someone gets committed the person receives the petition within 24 hours. Upon filing of the petition the court normally needs to set the hearing within 5 business days excluding Saturdays and holidays of course. And then if the state and the court does a continuance it's limited by statute by 15 days. And also the commitment order is only good for 90 or 180 days. And so basically if you look at the scheme of the statute it's a quick process because the person's denied their liberty, they didn't commit any crime. And I'll just say the hardest part I guess in this issue is that it didn't set a time limit if the respondent asked for a continuance. In this case the respondent asked for the continuance pre-trial. The trial court said 109 days later. Well I think legislative intent was for a quick process of a hearing when there's the basic statutory construction to avoid an interpretation that leads to a logical result or avoids obscured. Well was there some kind of confusion here over jury versus non-jury? I thought the trial judge was beginning to start this in non-jury and he said I want a jury. Well what happened was they called the first witness, the witness wasn't sworn, the public defender says my client wants a jury. With no testimony? With no testimony. Opening statements? No opening statements. I don't know if they do opening statements but no opening statements on that. And there is case law and I know the state's brought this up but basically it's pretty lenient in mental health cases about jury demand because of the quickness of these hearings because not that my client's incompetent but they're vulnerable. And there is basically about one or two cases where there is precedent that supports a branding of a jury demand before there's testimony presented. The key question here and then also due process also supports a prompt hearing. It's well known because they're denied their liberty interest, it's protected by due process. It's not just the Sixth Amendment right because this is not a criminal defendant. If you think about from the 4th and 14th of a prompt hearing. Well okay, there was going to be a prompt hearing for non-jury. Right. And then he said I want a jury so then the trial judge set it for jury ASAP as soon as possible. Right. Now how many days would that have been that he wanted to set it? The dates between that were March 23rd to April 4th. And that's as quick as he could get a jury. No, no, the jury trial was April the 4th. So the first setting was March 23rd. He asked for a jury trial. And he set it for April the 4th. April the 4th. And he was ready to go. Then the defendant wanted a continuance. Right. And then the next available jury was July 11th? Yeah, that's when there wasn't a hearing about that continuance. They presented a written motion to continue. The trial court set it for July 11th. So he got what he wanted. She agreed to that, right? No, there's no verbal agreement. There's other cases where you're like, oh, do you agree to this sentence? Well, it says the respondent made no objection to the court granting him continuance and setting the trial for July 11th. Is that right? Yeah, there was nothing, you know, yeah, the respondent's attorney made no objection during this time. Let's make it quicker. Let's do, I mean, he filed his own pro se jury request. But there was nothing before that. Ruchi, when they do have these hearings, they have the hearings that we're going to set at this time. Are you okay with this? And then there was a previous case and the client said yes, you know, or he had to make a choice, you know, but here he wasn't informed. They just had the continuance on these quick settings. I would think they would think it would be the next month or the month after. Well, I would think the continuance would have to be for when the county has a jury ready to sit. They don't call a special jury. Is that what you're asking for? Well, I mean, this is a mental health case. I mean, they could do a special. I mean, they could do that. Sure. But I mean. But I mean, what's troubling on this, there was nothing on the record saying why they couldn't hold a jury trial for 140 days out. You know, I mean, I understand that. But I don't think the legislature envisioned that it would be continued this long with the next setting. Well, do you think the legislature thought that a county always has a jury available? Well, usually the county, I thought, oh, like they'd have a jury available for a certain jury week. Right. And then after that, it's they don't have a jury. And then a month later they have another jury. So you've got to kind of work it in. Well, I can understand working it in. But this is three months later. You know, which is expiring the time of the, you know, of the court order. I mean, if to be honest, if I wrote the law, I would prefer that there would be. But I don't think the legislature ever envisioned that a trial court would set it so far ahead or asking for one continuous. Of course, you don't know what the docket. Did you did you did you bring them and put the docket into evidence? How many cases were on the ready list? There wasn't on the record, nothing on the record on this. And then I guess you could argue on this case. Was there really an assistant counsel for counsel not raising this objection for when it was set that day? Not asking for a special jury setting, not asking for an earlier setting. Why, you know, why couldn't you set the next month or the month? I mean, I mean, Randolph County is a small county, but I think that would have some jury docket within those, you know, 109 days. Well, probably the smaller the county, the fewer the juries. Right. But, you know, also, Randolph County has about four to 500 mental health proceedings, you know, a year. It's not a county that's unfamiliar with. So, I mean, what's troubling here is there's nothing even on the record saying why we couldn't do it. No acknowledgement that these hearings had to be expedited because of the timeliness issue. The state may argue that the respondent was not prejudiced by this time frame, by this. But he was, by the time they had the hearing, it would be longer than the original court hearing date. So and they're denied their liberty. So it's inherently prejudicial. I guess you could also have the argument normally with people like the unclean hands. You know, they ask for the continuance. Why do they claim the error? But in this case, he's not having any benefit from like this induced error. You know, he's not being a criminal for him. He has a long history of mental health issues. He's not going to avoid collateral consequences because he's had prior mental health order. So it's not like he's trying to game the system by doing this. And that's why in some sense, you know, if you think about the way the process works, you know, there's really no relief if it's delayed, you know. And that's why I think they wanted it so expedited. And basically, as for the issue of waiver, you know, there's clear case law that waivers are a matter of courts, not the issue of, you know, the parties. And in cases cited by the state, there was substantial compliance or it was like, you know, if the guardian didn't receive notice of the hearing, but they actually showed up. Or if there was an error in the petition, but they complied with it at the time of the hearing. This one, it couldn't be an issue of substantial compliance because the error was so far ahead was the hearing. Was the motion for continuance for a witness, to get a witness that wasn't available, an unavailable witness? Yeah, it was one of the states. His, a person gets their own licensed clinical social worker who they have more interaction, day-to-day interaction than even their psychiatrist. That person was way on the training. And my client wanted to testify. Basically, so those are the, I understand, I wish the statute was clear on this issue, but I don't think they envisioned a setting so far away. And there's no precedent. There is some precedent to support, you know, and I understand to be reasonable, you know, a 30 or 45-day delay, because there's multiple continuances to, you know, get the case in line and so on. And those cases have been upheld. But there's been no case where it's just so far advanced, when you're talking months here, that have been upheld on this issue of timeliness. And the next issue is the 3810 section of the Mental Health Code. Prior to adjudication, the state has to file a disposition report that contains the information. And part of the requirements is a projected timetable of treatment attainment. In this one, the state filed the treatment plan with the petition. It stated the timetable of attainment was May of 2011. However, that was six weeks prior to the July hearing. And the statutory law requires this written report prior to adjudication. And there can be, in this pre-court case, there can be substantial compliance with this, if the state's testimony covers this area. And the purpose is to provide the person in the trial, basically, to provide the trial courts with the complete information. So here, in this case, Dr. Casey did not provide any direct testimony about the timetable, when he would be completely discharged or completely free from the Department of Human Services. There is some testimony that he was getting better, that he was going to be transferred to another DA. Wasn't that only if he took his medication? Yeah. So how do you know he's going to get his medication if he's not forced to take his medication or told to take his medication? I think there was actually involuntary medication over at this time. Okay. To be honest. But, you know, you would like to have some. And it's just a simple thing to clear up, to update. You know, say, Your Honor, this is May. You know, of course, it's July. The new timetable for attainment is, you know, six months from now or three months from now. And the courts have accepted generalization, you know, because psychiatry is not exact, three to six months. So, you know, we're not asking for an exact date, but at least a date that's not expired, you know. And basically there is case law that have addressed the waiver argument. And also there's an interesting third district case of 2010 Darrell C. that said that this rejected waiver argument said it wasn't harmless at error. In that case, they didn't file the report at all. But they said it was actually the rule of law that was ineffective assistance of counsel to not address this issue of the dispositional report. So, and, you know, the consequence, the thing is, is it's just a pattern of practice of the pro forma conducting of these hearings. And that's evident actually on this other evidentiary issue. Basically what they entered was an order for the commitment. And as you all know, there's three prongs, three criteria for involuntary admission. The first and third prong, dangerous conduct and inability to see a need for treatment. And the state has conceded that they used unconstitutional and expired prongs in their order. So now the issue is then whether the state proved by clear and convincing evidence whether prong two, which is 5.1-192 unable to provide for his or her basic needs was proven by clear and convincing evidence. In this case, you know, due process requires clear and convincing evidence. And standard review, basically, I would argue, you know, the state would probably argue manifest weight of evidence. Under either standard, the expert was never directly asked whether he met this criteria for commitment. He was just asked, the doctor was just asked, the state directly asked the doctor if he would be a danger of release, that's the first prong, or if Mr. F would continue to take his medication for release, that's the third prong. But he was never directly asked the second prong, whether he would be able to meet his basic needs. So, you know, and further, the state did not present any testimony about Mr. F's ability to obtain food, shelter, or medical care, the presence of friends and family, his understanding of money. And though he did, the doctor did present testimony that Mr. F had a history of not taking medication and then being re-admitted, that's really evidence that points to prong three, unable to seek the need for treatment. And so here, you know, the state could clearly have rectified this by just directly asking the doctor prong number two, or actually using the current standard for prong, the constitutional standard for prong number three, but also asking, simply asking the doctor a quick question, does he meet this, you know, basic need for treatment. And for this, for the, in the case laws query, you have to ask the expert their opinion and the factual basis for the opinion. And he was never directly asked this issue number two. He was asked, he thought he met, should be committed, but never asked whether he met this prong number two. And then on the issue of this case too is ineffective assistance of counsel. We would argue that there's prejudice here, the 109 days before the next setting without raising any objection to it, to the trial court's action, the failure to really do any, object to the disposition report, the timing of when it would be discharged, no objection in allowing an order that had an unconstitutionally expired basis, and wasn't, that was just entered, it was entered about a year ago, the law changed. And, you know, we would argue that that's prejudicial, especially the denial of liberty for the 109 days, or asking, or something on record that you object to this extension of time. Even if the court deems those aren't prejudicial, the lack of adversarial process in this is really, you know, there is some case law that prejudice does not need to be proven if the hearing runs to the level of failing to be adversarial. And this is to that issue. Your honors, counsel, this truly is a case in which the respondent induced the court to give him everything he wanted, and now is complaining of prejudice. In the arena of mental health cases, in voluntary admissions generally, strict compliance with the statutes are required. And in this case, there was definitely strict compliance. The court was required to set the initial hearing upon the filing of the petition within five days. The court did so. It was set for the fourth day after the filing of the petition. On the day that it was, that the hearing was set, and after the people had called their first witness, then the respondent asked, interrupted, and stated that the respondent wanted a jury trial. Well, you know, there couldn't be a jury trial that day. There had to be a necessity, a short continuance for there to be a jury trial setting. And, yes, his request for a jury trial was untimely. However, the waiver would apply against the state at this point because there was no objection, and the court went ahead and granted the defendant, I mean, the respondent's request for a jury trial. When he made that request, did he ask for the jury trial? Did he not then set it and advise the respondent of the new trial date was in July? Yes. Or did he say? Yes, yes, yes. At that point, you know, it's a continuance that's necessitated by the respondent. But then you look at the code, 3-800-B, that governs continuances, and it talks about upon the motion of the court or any of the parties, at that point the continuance can be pending for 15 days unless it is the respondent that requests the continuance. And then there is no 15-day. I know, but did the court then at that point tell him it was going to be a July setting? Yes. Oh, he did? Okay. Yes. That's all I need to know. The court was not bound in a sense, you know, you could argue either way at this, that the court was not bound by the 15-day limit. But nonetheless, the court set the jury trial for 12 and 13 days after the request for jury trial. So it fell within the bounds of the 15 days. So there was definitely strict compliance with any continuance request, whether it was a continuance that was necessary due to the fact that the court could not schedule one sooner. It nonetheless fell within that 15-day stricture, even if you don't see this as a delay occasioned by the respondent. There was strict compliance. The jury trial was set. But on the very day that it was set for jury trial, counsel filed a motion for continuance. Now, this motion for continuance was to find and locate certain unnamed witnesses as well as the named witness. There's more than one witness that counsel is being asked to find and interview. Counsel's motion was a general motion for continuance. It didn't ask for a setting again at a date certain. Now, for there to be strict compliance with the code here under the section governing continuances, it says, such continuances shall not extend beyond 15 days except to the extent that continuances are requested by the respondent. Now, this was a general. And what's the court going to do? Limit arbitrarily the date for the continuance or limit it in any fashion when the respondent is requesting a continuance to locate and interview witnesses? That would have been an abusive discretion. So the respondent got what he wanted, a continuance to locate and interview witnesses. And there has been, to this point, absolute strict compliance. You can't show that granting a continuance longer than 15 days falls afoul of the section governing continuances. So there has been, to this point, strict compliance. There was no objection to the date the court chose to set the jury trial. And on the very morning of jury trial, which actually occurred on July 19th, although it was set for July 11th, counsel appeared with his client and waived jury trial. And then they went ahead and had a bench trial. After the court went through a colloquy with the respondent saying, Do you really want to waive jury trial? Is this what you really want to do? Basically, the only prejudice that the respondent is pointing to is based on two things. One, the alleged staleness of the current treatment plan that was filed with the original petition. And I'll discuss that in a minute. And the only other prejudice that the respondent points to is just the bare fact of the length of the continuance. But, you know, this respondent has a right to a jury trial. He was afforded that in a timely fashion. He has a right to ask for continuances. And he was given continuances to locate these witnesses. The respondent has the statutory right to prompt resolution or hearing on this petition. That's true. But then again, he can't have his cake and eat it too. He can't ask for continuances and then also demand that there be a jury setting when he wants it. Although, you know, they never did ask for a jury trial setting after, you know, the first and initial prompt jury trial setting. And, you know, he doesn't have a constitutional Sixth Amendment right to a speedy trial. That applies by its own or an Illinois state constitutional right to a speedy trial. Because by its own terms, those rights only apply in the criminal context. The only right that he has is the right to a prompt hearing on this petition and the right to continuances and the right to a jury trial. And the court tried to give him everything that he asked for. The respondent can't have a greater right than criminal defendants. And that's what he's arguing for. That somehow there's something above and beyond the Sixth Amendment right to a speedy trial in the civil context of an involuntary admission proceeding. While, you know, he doesn't have the Sixth Amendment right. Nonetheless, and while, you know, the Illinois Supreme Court has been very hesitant to import criminal law into the civil arena. Nonetheless, that's all there is to compare it to. And in the criminal context, when a defendant causes or occasions delay, it tolls the right to speedy trial. And in a sense, the same rationale should apply here. The defendant, I mean, the respondent is the only person who caused, not the court, not the people. The respondent is the only person who caused the delay in the hearing on this petition. And if there's any prejudice, he can't complain about it because he's the one who sought the continuance. And he's the one who didn't complain. And he can't show any prejudice because the current treatment plan was stale. Because at the hearing that proceeded on July 19th, after he waived a jury trial, and at which he made no objection to the alleged staleness of the treatment plan, the current treatment plan that was required to be filed. And since he failed to make any objection, strict compliance is no longer required with that section, but substantial compliance is required. And any insufficiencies in a current treatment plan to which there's no objection can be cured by testimony at the hearing. And in this case, that's what occurred. Because the respondent himself admits that the current treatment plan that was filed with the petition met the standard. But in the passing of the months between the filing of the petition and the actual hearing, a lot went on. The respondent began to comply with medication. He began to take medication. He began to get better. He began to get insight into his condition. His violence against himself and others abated. He had gotten so – he had made such progress that he was – Dr. Casey said that he was no longer – that he was going to be transferred. And the paperwork had been filled out, and as soon as administratively possible, he was going to be transferred to a less secure facility. So any staleness in the plan was cured by Dr. Casey's testimony at the hearing. And the court – his testimony in combination with the current treatment plan that was filed with the petition allowed the court to supervise the respondent's treatment, and it certainly met the requirement of the subsequent treatment plan in that it showed how the defendant – I mean, respondent was benefiting from the treatment and how he was progressing. So for all those reasons, the respondent fails to show any prejudice, any failure of the court to strictly comply with the sections the court was required to comply with, and he fails to show any prejudice from – I mean, he can't complain of prejudice because he's – his motion for continuance is the reason that he's sitting there without a resolution on the petition, without a hearing on a petition that happened sooner. And he can't show any prejudice because he wasn't just being warehoused during that time. He was receiving treatment, and he did progress dramatically to the point where he could be released from a secure facility into a facility that was less secure. Now, it's true as to the petition itself that alleged two grounds that had been found unconstitutional, and those grounds are simply void, although the court found they simply don't apply. It's only the second ground that is valid, and that is that the respondent is a person with a mental illness who, because of his illness, is unable to provide for his basic physical needs, so he's regarded himself from serious harm without the assistance of family or outside help. Now, the respondent complains that particular questions were not asked. That's not what this court reviews. What this court reviews is whether the people proved this ground by clear and convincing evidence. We're not examining the form of the questions that Dr. Casey was asked. And in this case, for this particular respondent, he can't provide for his medical care because that was front and center in this whole, in Dr. Casey's testimony. One of his basic physical needs is this need for this medication. Without this medication, the Zyprexa, he becomes violent. He regresses, and Dr. Casey said he can harm himself, and that he needs a secure setting, not a secure setting, but a structured setting in which he can get this medication. So obviously what Dr. Casey testified to is that he cannot provide for his basic physical need for this regular application or ingestion of this medication, and that if he doesn't take this medication in a structured environment, then he will not be able to guard himself from serious harm because he will harm himself. That testimony supported this ground, even though the particular verbatim question was not asked. Nonetheless, the evidence, by clear and convincing standard, supports this ground. And the basic, this medical care, this administration of medication, is part of this respondent's basic physical need. And so for that reason, the court's finding that the respondent is subject to admission, continued involuntary admission, should be affirmed. As to ineffective assistance of counsel, the respondent can't complain that counsel was ineffective for asking for continuance to find the very witnesses that he was asking counsel to find and interview. Did he suffer any prejudice from the late setting of the hearing after the request for continuance was made? No. As just discussed, he continued to get treatment, he got better, and the court otherwise strictly complied with the strictures of the code. Was he prejudiced because his counsel did not object to the two grounds that were pled that were not constitutional? Well, no, because it only takes one ground, and the court found this, and it was supported by the evidence. Did he suffer any prejudice because counsel failed to object to the, or failed to argue that there was not clear and convincing evidence on the ground that was found, that was constitutional, that was still valid? No, because the court's finding is supported by the evidence. For all these reasons, this case is just very unlike James and Williams, on which the respondent relies, in which an initial request for a jury trial was not set in a timely fashion, or in which the respondents did no thing which should have delayed a prompt setting of a jury trial. In this case, the court did everything the court was required to do and also considered the needs of the respondent for a continuance, and this court should affirm.  With regard to what happened at the courthouse, basically it was after his request for a jury trial, then they set it. The public defender filed a motion to continue. He wasn't there. He had no knowledge that it would be set for this future date in July. So, you know, the issue here is with the statutory scheme, was there even a nod? I mean, in the beginning they did the time frames correctly, but whether setting it 190 days later, longer than the order for the commitment, is really turning to a blind eye to the scheme of the statute. And I understand the duties and the concerns of the county judge, but at least in the minimum there should be something on the record why they could not do it earlier, and there wasn't anything there. The issue here about induced error, about asking for continuance, in the criminal court, of course, it tolls the clock on the speedy trial. But on the issue of this, it would actually get adoption of the state's argument. It's a little bit troubling, because it would place the burden of code compliance solely with the respondent, when it's really, in these settings, it's the duty of all parties to ensure compliance. So, you know, the court has a parensis parentae duty to ensure that the proceedings, and actually even the state attorney has a duty to ensure that all proceedings are going according to the code. And that's to protect vulnerable clients like mine who changes his mind about the jury trial like we get three months for. You know, it's to protect vulnerable parties like that from issues. And the issue of the evidence, it's not because they failed to ask a magical question. It's in order to do the clear and convincing evidence standard, you have to have an explicit expert's opinion plus the facts to support. And there was no clear opinion on prong two in this case. And then with regard to, you know, ineffective assistance of counsel, I think this could have maybe been clarified if counsel would have beforehand filed an objection to the setting of this. Then my client wouldn't have been prejudiced by sitting longer in the hospital than he perhaps needed to be. You know, the other side says there's no prejudice, but it's clear that he was denied his liberty during this 109-day period. And I think there should be probably guidance. I know that Child Support is trying the best they can, but there needs to be guidance that, sure, the statute doesn't say there's a limit of when you can get continuance, but it shouldn't be longer than the order for the commitment. I mean, unless there's something in the record saying why this cannot be done in this case. Thank you. Any questions? No. Thank you. I'm going to take a five-minute recess. Is that right?